UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-169-KDB

| | |
|---|---|
| AJANAKU MURDOCK,              ) | |
|                                                    ) | |
|         Plaintiff,                        ) | |
|                                                    ) | |
| vs.                                            ) | |
|                                                    ) | |
| FNU HENSLEY, et al.,              )     **ORDER** | |
|                                                    ) | |
|         Defendants.                   ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se incarcerated Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1 at 7]. He names as Defendants in their individual and official capacities: FNU Hensley, FNU Suttles, and FNU Emig, sergeants; FNU Freeman, FNU Adkins, FNU Baers, and FNU Gest, correctional officers; FNU Sigmon, a unit manager; Jerry Laws, a disciplinary hearing officer ("DHO"); Michelle Phillips, a nurse; and D. Hue, whom the Plaintiff does not identify. He asserts claims for due process violations that allegedly occurred on March 7, 2023, December 12, 2023, and January 16, 2024 as follows:[2]

---

[1] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

[2] The North Carolina Department of Adult Corrections' (NCDAC) website reveals that the Plaintiff received disciplinary infractions on March 7, 2023 for "DISOBEY ORDER," "PROFANE LANGUAGE" AND "SEXUAL ACT;" on December 12, 2023 for "DISOBEY ORDER" and "LOCK TAMPERING;" and on January 16, 2024 for "SEXUAL ACT." https://webapps.doc.state.nc.us/opi/viewoffenderinfractions.do?method=view&offenderID=0634508&listpage=1&listurl=pagelistoffendersearchresults&searchOffenderId=0634508&searchDOBRange=0&obscure=Y (last accessed

On 3/7/23 I was wrongfully charged with an A-25 infraction (masturbation) by Nurse Phillips, supposted by Officer Gest, the investigating officer, as well as the DHO all of whom either lied, allowed them to rewrite their bogus statements, and showed deliberate indifference to their blatant disregard to my rights. The video footage they're saying doesn't add or take away from the incident BUT if it does … it shows that what these officials are alledging wouldn't have happened and it also will show a contradiction to their statements.

People LIE, that video footage WILL NOT. And as a result of their lying, falsifying documents, I was charged with frivolous infractions and sent to isolation and taken out of programs.

On 12/12/23 I was maced for having on a religious headdress by Officers Adkins & Baers and later charged with refusal to take off a necklace which was NOT the case. This was supported by Sgt. Emig and UM Sigmon as well. An incident report was taken out for excessive force because they violated policy for even spraying me. Video footage will prove I never had on a necklace. I was given false charge for that as well. Adkins, Baers, Sigmon all supported these false charges and Sigmon wouldn't say anything about how they lied about it being over a "necklace" instead of my Crown, nor would Sgt. Emig who was in the block when it all occurred and who was erroneously my investigating officer.

On 1/16/24 I was again targeted by Sgt. Hensley via Officer Freeman who wrote me up for another A-25 when she wasn't even inside the block. I was immediately taken to segregation. I've been having problems with this sergeant and his staff for a while. Upon being in segregation, on 1/19/24, he came to the cell I was in while I was sleeping and NEVER allowed me to sign for my rights NOR make a statement. Once the Unit Manager Poarch came to me later with a summary, I told him I haven't even seen anyone else yet, so how is it that he's here? He just left! But the whole time, Sgt. Hensley HAD really came earlier AND silently put a finger to his lips and told Sgt. Suttles "shh" to just sign the papers as if I really refused to sign the papers, and then he left. I never knew this until a fellow prisoner later told me. All of this will be on camera footage on Big Seg in ND-Block. Because of this I had no choice but to plead guilty. I told the DHO what happened and to send it back for a reinvestigation so I could have a fair hearing by writing a statement but he refused without a statement I had no choice of winning even though this woman say's she saw me masturbating when she was NOT even inside the block. As crazy as it sounded, it still stuck.

[Id. at 7-9] (errors uncorrected).[3] For injury, the Plaintiff alleges that these "false charges:" resulted

---

Oct. 17, 2024); Fed. R. Ev. 201.

[3] The Plaintiff is a frequent litigant in this Court. Among his many cases are Case Nos. 5:24-cv-119-MR and 5:24-cv-163-KDB, in which the Plaintiff claims that Alexander CI employees – including Officers Adkins and Baers – used excessive force against him on March 7 and December 12, 2023. It does not appear that the Plaintiff is attempting to

his placement in isolated confinement and in his removal from educational courses; negatively impacted his mental and emotional well-being; and have required "new meds due to nightmares and PTSD…." [Id. at 9]. He seeks a jury trial and the following relief:

> Modify and/or lift these bogus infractions that were placed on me, ensure I never go back to AXCI… because they continuously target and retaliate against me, severely reprimand them, award me punitive and compensatory damages, place me back in my educational courses, award me back my gained time as well as job placement that I was taken out of.

[Id. at 1, 10].[4]

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

---

raise duplicative excessive force claims in the instant action and, had he attempted to do so, they would be dismissed. **The Plaintiff is cautioned that the assertion of duplicative claims and other abusive litigation practices may result in the imposition of sanctions including the dismissal of this action and/or a pre-filing injunction**.

[4] Much of the relief that the Plaintiff seeks appears to be beyond the purview of the Court in this § 1983 action. See generally Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) ("sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts"); Meachum v. Fano, 427 U.S. 215, 225 (1976) (the due process clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (prisoners do not have a constitutional right to access educational or rehabilitative programs absent a showing of significant hardship); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) ("classifications and work assignments of prisoner … are matters of prison administration"); Van Houten v. Gaskill, No. 05-3377, 2006 WL 749410 (D.Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court). His request for the restoration of gain time will be discussed separately *infra*.

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities for damages do not survive initial review and will be dismissed with prejudice.

The Plaintiff complains that various Defendants asserted false disciplinary charges against him. A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly

4

Case 5:24-cv-00169-KDB   Document 9   Filed 10/28/24   Page 4 of 9

accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As a general matter, "a false disciplinary charge cannot serve as the basis for a constitutional claim." Cole v. Holloway, 631 F. App'x 185, 186 (4th Cir. 2016). There are exceptions to this rule, for instance, where a disciplinary charge is retaliatory. Id.

Here, the Plaintiff's contention that false disciplinary charges were brought against him fails to state a § 1983 claim. He vaguely refers to retaliation, but this is not supported by any factual allegations and, thus, he has failed to state a plausible claim against any Defendant. [See Doc. 1 at 10 (requesting not to be returned to Alexander CI because "they continuously target and retaliate against me…")]; see generally Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (to state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. (quotation marks and citation omitted); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim).

The Plaintiff's allegations that he was denied due process in the disciplinary proceedings also fail. Prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a

written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

The Plaintiff alleges that: with regards to the March 7 incident, witnesses provided "bogus" statements, the investigating officer and the DHO "lied" about the evidence, and video footage will show that the infraction is false; with regards to the December 12 incident, officers lied about the incident, and the investigating officer should not have been appointed because he was on the block when the incident occurred; with regards to the January 16 incident, Defendants Hensley and Suttles denied the Plaintiff notice and the opportunity to write a statement and lied about the same, DHO Laws refused to send the incident back for reinvestigation so that the Plaintiff could write a statement, and consequently the Plaintiff "had no choice but to plead guilty" to the infraction. [Id. Doc. 1 at 7-9].

With regards to the March 7 and December 12 incidents, the Plaintiff does not allege that he was denied advance written notice of the charges, the opportunity to call witnesses and present evidence, or a written decision by the factfinder. Accordingly, he has failed to plausibly allege that a disciplinary due process violation occurred with regards to those incidents.

6

In any event, all of the Plaintiff's disciplinary due process claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

The Plaintiff appears to have lost gain time as a result of all of the disciplinary infractions at issue here. [See Note 2, *supra*; Doc. 1 at 10 (seeking the return of his "gained time" [sic])]. The Plaintiff's arguments that the infractions were based on fabricated evidence and unfair disciplinary proceedings would necessarily imply the invalidity of those disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose

good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary convictions have been reversed or otherwise invalidated. Accordingly, the Plaintiff's claims for damages appear to be barred by Heck.

Insofar as the Plaintiff requests the return of the gain time he lost for these disciplinary convictions, such is unavailable in this § 1983 proceeding. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. § 2254. The Plaintiff's request for gain time is essentially a challenge the fact or duration of his confinement. Such a claim must be raised, if at all, in a separate civil action.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Plaintiff's claims for damages against the Defendants in their official capacities are dismissed with prejudice and the remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

---

[5] The Court makes no determinations about the potential merit or procedural viability of such an action.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review.

2. The Plaintiff's claims for damages against the Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2254 habeas form, and a copy of this Order.

**IT IS SO ORDERED**.

Signed: October 28, 2024

Kenneth D. Bell
United States District Judge